UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

NGCOBA ATKINS,

                              Plaintiff,                    6:20-CV-1217 (ATB)

    v.

WALMART, INC.,

                              Defendant.

---

NGCOBA ATKINS, Plaintiff pro se

DANIEL J. MOORE, ESQ., Attorney for Defendant

**HON. ANDREW T. BAXTER, United States Magistrate Judge**

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiff pro se filed two employment discrimination actions against defendant on October 5, 2020, which were consolidated into the above-captioned lead case by Decision and Order dated November 2, 2020. (Case No. 6:20-CV-1217, Dkt. Nos. 1, 7; Case No. 6:20-CV-1218, Dkt. Nos. 1, 5). The consolidated case was assigned to me to conduct all proceedings, by Order of U.S. District Judge Brenda K. Sannes, with the consent of both parties, on February 3, 2021. (Dkt. No. 31).[1]

Following completion of discovery, plaintiff filed a motion for summary judgment (Dkt. No. 81), as did defendant (Dkt. No. 82). On May 2, 2022, this court issued a Memorandum-Decision and Order ("MDO") granting summary judgment in favor of the defendant on each and

---

[1] After the cases were consolidated, all filings were made in the lead case, No. 6:20-CV-1217, so all further references to docket numbers relate to the lead case.

every claim advanced by the plaintiff, including all harassment, discrimination, and retaliation claims pursuant to 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990, and the New York State Human Rights Law, N.Y. Exec. Law §§ 290 et seq. (Dkt. No. 97).  Judgment was issued and entered by the Clerk of the Court on May 3, 2022, dismissing plaintiff's complaint with prejudice, with exception of any claims asserted under New York Labor Law §§ 203-e and 239; NY HRL Bill-07797; and for common law defamation, which claims were dismissed without prejudice, as the court declined to exercise supplemental jurisdiction over any such claims.  (Dkt. No. 98).

On May 18, 2022, defendant filed a motion for a bill of costs.  (Dkt. No. 101).  On May 31, 2022, plaintiff filed a notice of appeal of the court's decision on the summary judgment motions.  (Dkt. No. 104).  On June 1, 2022, the court stayed consideration of defendant's motion for a bill of costs and plaintiff's response deadline, pending resolution of plaintiff's appeal.  The U.S. Court of Appeals ultimately affirmed this court's judgment on the summary judgment motions and issued its mandate on June 8, 2023.  (Dkt. No. 114).  The court then ordered plaintiff to respond to the defense bill of costs, which he did on June 30, 2023.  (Dkt. No. 115).  For the reasons stated below, defendant's motion for a bill of costs is granted in part and denied in part.

**II.     APPLICABLE STANDARD**

Rule 54(d)(1) of the Federal Rules of Civil Procedure states in relevant part that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party."  "[T]he Supreme Court has held that the term 'costs' includes only the specific items enumerated in 28 U.S.C. § 1920 . . . ." *Whitfield v. Scully*, 241 F.3d 264, 269 (2d Cir. 2001), *abrogated on other grounds by Bruce v. Samuels*, 577 U.S. 82 (2016).  Allowable costs include (1) fees of the clerk and marshal; (2) fees for transcripts "necessarily

obtained for use in the case"; (3) fees for printing and witnesses; (4) fees for exemplification and copying costs "where the copies are necessarily obtained for use in the case"; (5) docketing fees under 28 U.S.C. § 1923; and (6) fees for court-appointed experts and interpreters. 28 U.S.C. § 1920. "The burden is on the prevailing party to establish to the court's satisfaction that the taxation of costs is justified." *Cohen v. Bank of N.Y. Mellon Corp.*, No. 11-CV-0456, 2014 WL 1652229, at *1 (S.D.N.Y. Apr. 24, 2014) (quoting *John G. v. Bd. of Educ.*, 891 F. Supp. 122, 123 (S.D.N.Y. 1995)). "[B]ecause Rule 54(d) allows costs 'as of course,' such an award against the losing party is the normal rule obtaining in civil litigation, not an exception." *Whitfield*, 241 F.3d at 270.

### III.  DISCUSSION

Plaintiff's response to the defense motion for a bill of costs makes no substantive argument challenging defendant's status as the prevailing party in this action or defendant's claims for particular categories of costs, as allowable under Section 1920. However, given that defendant bears the burden of justifying his claim for costs, the court will analyze whether defendant has met that burden.

Based on the judgment granting defendant summary judgment on plaintiff's primary claims and declining to exercise supplemental jurisdiction over any remaining state court claims, defendant is clearly the "prevailing party," entitled to move to recover costs. "[W]hen a court grants a defendant summary judgment on the plaintiff's federal claims and dismisses the state law claims for lack of subject matter jurisdiction, the defendant is a prevailing party and, therefore, entitled to costs." *Vuona v. Merrill Lynch & Co.*, No. 10 Civ. 6529, 2013 WL 1971572, at *3-4 (S.D.N.Y. May 14, 2013) (collecting cases).

Plaintiff paid the filing fee in Case No. 6:20-CV-1217 and his initial *in forma pauperis* application was denied as moot. (Dkt. Nos. 2, 7). Based on representations about his financial

status in May 2022, plaintiff was granted *in forma pauperis* status with respect to his appeal. (Dkt. No. 103). "While a court may deny costs 'on account of the losing party's indigency,' indigency 'per se does not automatically preclude an award of costs.'" *LeClair v. Raymond*, No. 1:19-CV-28 (BKS/DJS), 2022 WL 1046441, at *5 (N.D.N.Y. Apr. 7, 2022) (citing *Campbell v. Empire Merchs., LLC*, No. 16-CV-5643, 2020 WL 587484, at *1 (E.D.N.Y. Feb. 6, 2020)). "As a matter of discretion, a court may order the payment of costs by a party proceeding in forma pauperis." *Id*. (citing *Feliciano v. Selsky*, 205 F.3d 568, 572 (2d Cir. 2000)). "The decision is 'informed by any factor the court deems relevant, including the purpose of the in forma pauperis statute, the history of the party as litigator, good faith[,] and the actual dollars involved.'" *Id*. Plaintiff's response has not provided any documentation regarding his current financial ability to pay the costs sought by defendant, more than a year after his latest IFP application. *See, e.g.*, *LeClair,* 2022 WL 1046441, at *5 ("Plaintiff has not submitted evidence showing that he lacks the resources to pay the modest bill of costs, and considering all of the factors in this case, the Court will not excuse Plaintiff from his obligation to pay costs.) (collecting cases); *Campbell v. Empire Merchants, LLC,* No. 16-CV-5643, 2020 WL 587484, at *1 (E.D.N.Y. Feb. 6, 2020) ("Where, as here, a plaintiff provides no documentary support for his claimed indigency and, instead, relies solely on bald assertions to that effect in his affidavits, a district court should not excuse the taxing of costs on that basis.") (collecting cases). As documented in the court's MDO granting defendants summary judgment, which the Second Circuit affirmed, plaintiff asserted a litany of conclusory claims that were not supported by admissible evidence, were flatly contradicted by the factual record, or otherwise could not be credited by any rational fact finder. The dubious nature of plaintiff's claims, while not conclusively indicative of bad faith, is a factor supporting the taxation of costs. The court finds that the unsupported suggestion that plaintiff is

4

currently unable afford to pay the costs sought by defendant does not warrant declining to grant the defense motion, at least in part.

As noted above, whether transcript or copying fees are allowable under Section 1920 turns on whether they were "necessarily obtained for use in the case." *In re Air Crash Disaster at John F. Kennedy Int'l Airport on June 24, 1975*, 687 F.2d 626, 631 (2d Cir. 1982). Based on the court's intimate familiarity with the dispositive motion practice in this case, it is clear that the transcription and related costs of plaintiff's remote deposition (Dkt. No. 101-1 at 4-5), which was an exhibit to the defense summary judgment motion (Dkt. No. 82-2 at 19-74), were necessarily incurred by defense counsel in litigating those motions and are allowable under Section 1920. *See, e.g., C.C. by & through Camarata v. Polaris Indus., Inc.*, No. 6:14-CV-975 (GTS/TWD), 2018 WL 3031848, at *5 (N.D.N.Y. June 19, 2018), *aff'd*, 774 F. App'x 45 (2d Cir. 2019) ("'Generally speaking, transcripts are necessarily obtained for use in the case if used or received in evidence at trial, or submitted for consideration on a dispositive motion.'" ) (citing, inter alia, *New Skete Farms, Inc. v. Murray*, 06-CV-0486 (GLS/RFT), 2009 WL 10680320, at *3 (N.D.N.Y. Apr. 3, 2009)).

It is less clear to the court that the transcripts of pretrial discovery conferences, for which the defense seeks modest reimbursement, were necessarily obtained by the defense. Moreover, defense counsel does not specify, with any particularity, the nature of the documents for which defendants seek reimbursement for photocopying costs. *See, e.g., Encarnacion v. Spinner*, No. 9:15-CV-1411 (BKS/ML), 2023 WL 2785745, at *7 (N.D.N.Y. Apr. 5, 2023) (Defendant's supporting documentation does not indicate the content, purpose, or recipient of each copy of the trial exhibits for which reimbursement is sought. Because copies made solely for the convenience of counsel are not taxable costs, . . . the court reduces the amount Defendant seeks

for trial exhibits . . .")  Accordingly, based on the lack of documentation of the necessity of the costs sought by defendant, other than those associated with plaintiff's deposition, the court reduces the amount of costs taxable against plaintiff to $3,095.21.

## IV. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendant's motion for costs (Dkt. No. 101) is **GRANTED in part,** to the extent that Defendant is awarded $3,095.21 in costs, but is otherwise **DENIED**; and it is further

**ORDERED** that the Clerk serve a copy of this Order upon the parties in accord with the Local Rules.

Dated: July 31, 2023

Andrew T. Baxter
U.S. Magistrate Judge